UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CORNELL SMITH, | CASE NO. 1:13 CV 0646 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| STATE OF OHIO, et al., | <u>MEMORANDUM OF OPINION</u> |
| Defendants. | |

Before the Court is *pro se* Plaintiff Cornell Smith's above-captioned *in forma pauperis* Complaint. He names the States of Ohio and California as Defendants. In his prayer for relief, he seeks to have his name cleared as well as damages in the amount of $1,000,000.00.

*Background*

Mr. Smith states he has "legal papers" that prove he was kidnapped by the Defendants' legal departments. Two days after filing his Complaint, he filed a letter dated March 26, 2013 and several exhibits, including a cassette tape, that presumably represent the "legal papers" Mr. Smith claims support his underlying kidnapping allegations.

Attached to the letter is copy of an Order issued by the Sixth Circuit Court of Appeals affirming Judge Sara Lioi's judgment in *United States v. Smith*, No. 1:09cr0471, (N.D. Ohio). Mr. Smith alleges the opinion is disrespectful and contains misinformation regarding his prior state convictions. Specifically, he alleges he was charged with assault to commit a felony not assault to

commit rape. He claims he has proof that his judgment of conviction was reversed on December 21, 2001. "And that the disposition was reversed in full 2-22-02." (Doc. 3, p. 1). As such, Mr.Smith argues he should never have been brought to court on April 22, 2002. He maintains this Court's jurisdiction based on violations of his civil rights.

A review of the exhibits reveals Mr. Smith previously filed a civil rights action in the Northern District of Ohio that included the State of Ohio as a defendant. *See Smith v. Ohio, et al.*, No. 1:10cv1305 (N.D. Ohio filed June 14, 2010)(Polster, J.) In that complaint he alleged he was kidnapped by the State of Ohio, Deputy U.S. Marshal Mark Hebert, parole officer Tony Luketic and Judge Sara Lioi. The case was dismissed *sua sponte* on August 24, 2010 pursuant to 28 U.S.C. §1915(e).[1]

Essentially, Mr. Smith is now attacking a conviction imposed by the State of California on April 22, 2002. On that date, the state court convicted him of assault to commit rape in violation of California Penal Code § 220. As a condition of his sentence, he was required to register as a sex offender. In April 2009, however, Mr. Smith fled from a residential half-way house in California, and relocated to Ohio without registering his sex offender status.

On November 4, 2009, he was indicted in this court for failing to register as a sex offender in violation of 18 U.S.C. § 2250. *See Smith*, No. 1:09cr 471. Judge Lioi sentenced him to serve 46 months imprisonment, followed by 10 years supervised release. On appeal to the Sixth Circuit, he argued the district court improperly classified him as a Tier III offender under the Sex Offender

---

[1] The court dismissed the complaint, in part, based on *Heck v. Humphrey*, 512 U.S. 477 (1994). The Sixth Circuit has held that a cause of action under § 1983 that implies the invalidity of a conviction barred by *Heck* does not accrue until the conviction is reversed or expunged. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir.1999).

Registration and Notification Act (SORNA). The Sixth Circuit affirmed the court's judgment on January 30, 2013, finding Judge Lioi properly sentenced Mr. Smith as a Tier III offender because his assault to commit rape conviction was punishable by imprisonment for more than one year. He was released from prison on February 21, 2013 *see* www.bop.gov/iloc2., and resides in the Cleveland, Ohio area.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

*Failure to State a Claim*

As a threshold matter, Mr. Smith does not allege any facts suggesting the State of Ohio is a proper defendant. Moreover, the Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana*, 134 U.S. 1 (1890); *see Ferrari v. Woodside Receiving Hosp.*, 624 F. Supp. 899, 901 (N.D. Ohio 1985) *aff'd*, 827 F.2d 769 (6th Cir. 1987)(citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98–99 (1984)). There is no waiver with respect to actions pending in federal courts. *See Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir.1976), *cert.denied* 430 U.S. 946 (1977). Accordingly,

the State of Ohio is immune from suit for money damages and must be dismissed as a party Defendant.

Even if Mr. Smith named parties subject to suit under §1983, he has failed to state a claim for relief. Arguing it was illegal to "bring[] me back to court 4-22-02" (Doc. No. 3 at 1), he claims he should not have been convicted by the State of California in 2002 because the court should have known the judgment against him was reversed in 2001. A copy of an opinion issued by the California Court of Appeal, Second Appellate District reveals the conviction was not reversed, however. *See People v. Smith*, No. B147118 (Cal. Ct. App. filed Dec. 21, 2001).

The factual background contained in the appellate court opinion discloses that Mr. Smith pled no contest to charges of forcible rape in the Superior Court of Los Angeles County California, possibly in 2001. *Id.* In exchange for his plea, the prosecution agreed to a sentence of five years probation, and a suspended sentence of eight years in the event of a probation violation. When Mr. Smith failed to appear at his sentencing, his new attorney moved to vacate the plea agreement based on his client's lack of mental competence. *Id.* at 2. The superior court denied the motion and imposed an eight year sentence. On appeal, the court held that Mr. Smith should be permitted to withdraw his plea and proceed to trial on the original charges because his rape conviction rendered him ineligible for probation under California penal code § 1203.065. The judgment of conviction was reversed and the appeals court ordered the superior court to permit Mr. Smith to withdraw his guilty plea because the plea bargain could not be enforced.

Contrary to Mr. Smith's assertions, he was not acquitted of the rape charge filed against him by the State of California. Instead, he was permitted to withdraw his guilty plea, by order of the appeals court, and was subsequently convicted in 2002 on the original rape charge. Accordingly, the

2002 conviction is a criminal judgment that has not been set aside.

To the extent Mr. Smith believes he is entitled to recover damages under 42 U.S.C. § 1983 because his 2002 conviction is invalid, he has failed to prove the unlawfulness of his conviction or confinement. *See Heck v. Humphrey*, 512 U.S. 477, 485(1994). Moreover, Mr. Smith cannot pursue a civil rights action as an alternative to a petition for writ of habeas corpus when he is essentially attacking the legality of his conviction. *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). Thus, absent any allegation that his 2002 California conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Mr. Smith would not be entitled to recover damages for his claim. *Heck.* at 487-88; *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir.1999)(cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged).

*Conclusion*

Based on the foregoing, Mr. Smith's Motion to Proceed *in forma pauperis* is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ Donald C. Nugent 4/9/13*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.